UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 18, 2013

LETTER TO COUNSEL:

      RE:    *Paul Beitzell v. Commissioner, Social Security Administration*;
               Civil No. SAG-12-2669

Dear Counsel:

On September 7, 2012, the Plaintiff, Paul Beitzell, petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). Mr. Beitzell is representing himself *pro se* in this appeal, although he was represented by counsel before the Administrative Law Judge ("ALJ") and the Appeals Council. *See, e.g.,* (Tr. 10, 33-34). I have considered the Commissioner's motion for summary judgment and the various letters and doctors' reports submitted by Mr. Beitzell. (ECF Nos. 16, 17, 18, 20). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion. This letter explains my rationale.

Mr. Beitzell filed his claims for benefits on May 28, 2010, alleging disability beginning on April 15, 2005. (Tr. 195-200). His claims were denied initially on November 8, 2010, and on reconsideration on January 24, 2011. (Tr. 79-85, 92-95). A hearing was held on November 15, 2011 before an Administrative Law Judge ("ALJ"). (Tr. 33-74). Following the hearing, on November 29, 2011, the ALJ determined that Mr. Beitzell was not disabled during the relevant time frame. (Tr. 17-32). The Appeals Council considered additional evidence submitted by Mr. Beitzell but denied his request for review (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Beitzell suffered from the severe impairments of degenerative disc disease, depression, anxiety, substance abuse, epididymitis, and shoulder pain, and the additional non-severe impairment of hearing loss. (Tr. 22). Despite these impairments, the ALJ determined that Mr. Beitzell retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b). Because of his mental impairments, he can perform jobs consisting of unskilled, routine, and repetitive tasks, with only occasional interaction with the public and co-workers.

(Tr. 24). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Beitzell could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 26-27).

Mr. Beitzell did not file a motion for summary judgment highlighting particular arguments. I have carefully reviewed the record in its entirety, and I have considered all of the evidence, including the letter submission made by Mr. Beitzell's former attorney to the Appeals Council (Tr. 11-15) and the new evidence Mr. Beitzell submitted to this Court [ECF Nos. 16 & 17]. My role is not to determine the weight of the evidence or to substitute my judgment for that of the Commissioner. *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir. 1966). Instead, I address only whether the Commissioner's decision is supported by substantial evidence. *See id., see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . "). Applying that standard, the ALJ's opinion in this case must be affirmed.

At step two, the ALJ found each of Mr. Beitzell's alleged impairments to be severe, with the exception of his hearing loss. The ALJ cited substantial evidence in support of that finding, including Mr. Beitzell's ability to communicate normally during his hearing and his medical appointments, and his ability to talk over both cellular and landline telephones and to watch television. (Tr. 22-23). The record did not contain any testing to demonstrate the amount of hearing loss, and Mr. Beitzell has not tried to alleviate the loss with hearing aides. (Tr. 42). Moreover, even if I were to find the ALJ erred in his evaluation of Mr. Beitzell's hearing loss at step two, such error would be harmless. Because Mr. Beitzell made the threshold showing that other disorders constituted severe impairments, the ALJ continued with the sequential evaluation process and considered all of the impairments, both severe and non-severe, that significantly impacted Mr. Beitzell's ability to work. *See* 20 C.F.R. § 404.1523.

The ALJ next analyzed, at step three, whether Mr. Beitzell's impairments met or equaled any listing. The ALJ noted that no treating or examining physician indicated that any listing had been met. (Tr. 23); s*ee Pass v. Chater,* 65 F.3d 1200, 1203 (4th Cir. 1995) (noting that the claimant bears the burden of proof during the first four steps of the sequential evaluation). Mr. Beitzell's attorney did not contend, at his hearing, that he met or equaled any listing, and the record does not suggest any such finding. The ALJ appropriately applied the special technique for evaluation of mental impairments and analyzed whether Mr. Beitzell's impairments met or equaled the listings for 12.04 (affective disorders), 12.06 (anxiety-related disorders), and 12.09 (substance abuse). He found moderate difficulties in the areas of social functioning and concentration, persistence, and pace; and a mild restriction in activities of daily living, with no episodes of decompensation of extended duration. Those findings are consistent with the findings of the non-examining state agency physicians, Dr. Simon, (Tr. 397), and Dr. Hammonds, (Tr. 428). To satisfy the "paragraph B" criteria of the listings in question, a claimant must show that his impairment resulted in at least two of the following: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated

episodes of decompensation, each of extended duration. *See* 23 CFR Part 404, Subpart P, App. 1, §§ 12.04 and 12.06. Although Exhibit 8F suggests that there have been repeated episodes of decompensation, that statement is provided on a "check-the-box" form with no information about the basis for the assertion. (Tr. 335). The medical evidence of record does not reflect any episodes of decompensation of extended duration. Moreover, even Exhibit 8F did not find "marked" impairment in any of the relevant domains. *Id.* Although Mr. Beitzell's counsel argued that he had more significant difficulties with socialization (Tr. 12), even a "marked" finding in that single domain would not have altered the ultimate conclusion that Mr. Beitzell did not meet the listings.

With respect to the RFC analysis, Mr. Beitzell's attorney raised two primary arguments to the Appeals Council. First, Mr. Beitzell's attorney argued that the adverse credibility finding was unwarranted. Second, Mr. Beitzell's attorney protested the assignment of little weight to the treating sources, including Dr. Kelvin Hao's opinion at Exhibit 27F, the unknown doctor who provided a report at Exhibit 8F, and Dr. Green's opinion at Exhibit 21F. I find no error in the ALJ's analysis.

The ALJ's adverse credibility finding was premised not only on Mr. Beitzell's activities of daily living, which he alleges were mischaracterized, but also on (1) a lack of diagnostic studies to support his physical claims, (2) his normal physical consultative examination, (3) his September 2010 mental consultative examination resulting in a GAF score of 60, and (4) his mental evaluation in February 2011 resulting in a GAF score of 55. (Tr. 25). As the ALJ noted, Mr. Beitzell was not receiving any mental health treatment during those times, and still maintained only mild to moderate mental health conditions. *Id.*

In addition, the ALJ discussed Mr. Beitzell's use of controlled substances, noting the discrepancy between his testimony that he had stopped using cocaine without any detox program or the assistance of NA, and the Medical Source Statement completed by Mr. Beitzell's physician in January, 2011, which listed Mr. Beitzell's "striking problems" as including "substance abuse and probably dependence on prescription pain medications." (Tr. 426). That letter, which was drafted in January, 2011 by a doctor who had treated him "over the past year," also indicates that Mr. Beitzell's mental illness "is compounded by his use of alcohol, prescription pain medication and possibly other substances." *Id.* The 2011 doctor's report therefore contradicts Mr. Beitzell's testimony that he had stopped using controlled substances in 2008. (Tr. 40). However, because the ALJ relied on the other substantial evidence listed above to support his adverse credibility finding, any error in considering his substance abuse would be harmless.

Similarly, the ALJ's assignment of weight to the various medical sources does not warrant remand. The ALJ appropriately gave little weight to the opinion of Dr. Hao, which was (1) completed prior to the alleged onset date, and (2) unsupported by diagnostic findings. (Tr. 25). Moreover, Dr. Hao's one-paragraph letter does not evidence application of any of the relevant standards considered by the Commissioner, but simply lists his diagnoses and asks for him to obtain insurance coverage. (Tr. 449).

The ALJ also appropriately considered the report at 8F. That report appears to list the "physcian's name" as Linda Green, but it appears to have been signed by "Dr. Karlash Bayers." (Tr. 334, 337). Regardless of who prepared the form, the dates reflect that Mr. Beitzell had only been a patient for four months, and the mental health section of the form does not even indicate that the patient suffers from a mental illness, provides no information regarding the DSM-IV diagnosis, and consists only of "check box" limitations with no cited support. (Tr. 335). As the ALJ noted, the physical section of the opinion suggests significant lifting and carrying limitations but also states that Mr. Beitzell's upper and lower extremities retained full strength (rating the muscle strength of both sets of extremities as "5/5"). (Tr. 25-26, 334, 336). The doctor provided no narrative explanation for the limitations proposed in the form. As a result, the ALJ appropriately assigned it little weight.

Finally, the ALJ assigned little weight to Dr. Green's opinion at Exhibit 21F. As the ALJ stated, it is a one-page opinion listing Mr. Beitzell's medical conditions, with no reference to any diagnostic testing or other objective evidence to support the diagnoses. (Tr. 426). Moreover, it does not address Mr. Beitzell's ability to perform any specific work-related functions. Remand is therefore unwarranted.[1]

The ALJ concluded that Mr. Beitzell was unable to perform his past relevant work, so no review of that favorable conclusion is necessary.

Finally, I have reviewed the ALJ's hypothetical question to the VE. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540–41 (9th Cir. 1988). The ALJ's hypothetical question to the VE, which accurately incorporated the RFC assessment he made, was permissible without including any additional limitations that the ALJ did not deem valid, such as the limitations cited by Mr. Beitzell's counsel on cross-examination. (Tr. 71-73). The VE's testimony provided substantial evidence supporting the ALJ's conclusion that there are jobs existing in the national economy that Mr. Beitzell is capable of performing.

---

[1] I also note that the new evidence Mr. Beitzell submitted to this Court would not impact the ALJ's analysis. [ECF Nos. 16, 17]. The records from the Archdiocese of Washington merely document abuse, which is already documented in the medical evidence of record. The new documents do not contain any information regarding functional limitations alleged to have resulted from the abuse. The letter from Dr. Fillyaw, dated January 22, 2012, and the letter from Dr. Willis, dated March 14, 2013, suffer from the same deficiencies as the letters the ALJ discounted, in that they each consist of a cursory listing of diagnoses with no underlying treatment records, objective evidence, or explanation of functional limitations that would restrict Mr. Beitzell's ability to work.

*Paul Beitzell v. Commissioner, Social Security Administration*
Civil No. SAG-12-2669
June 18, 2013
Page 5

For the reasons set forth herein, the Commissioner's motion for summary judgment (ECF No. 18) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge